Leon Greenberg, Esq. NSB 8094
Dana Sniegocki, Esq. NSB 11715
Leon Greenberg Professional Corporation
2965 S. Jones Boulevard  - Suite E-3
Las Vegas, Nevada 89146
(702)383-6085
Fax: (702)385-1827

James P. Kemp, NSB 6375
Kemp & Kemp, Attorneys At Law
7435 West Azure Drive - Suite 110
Las Vegas, NV 89130
Telephone (702) 258-1183

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

---

JOSEPH SHANNON, individually and on behalf of all others similarly situated,

            Plaintiff,

  -against-

JOSEPH (JD) DECKER, STEVE GEORGE, and DONALD SODERBERG, in their individual capacities,

            Defendants.

---

Docket #:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF CLAIM

1. This is an action under 42 U.S.C. § 1983 for deprivation of the plaintiffs and the alleged class members' federally secured civil rights, by the defendants, Joseph (JD) Decker, Steve George and Donald Soderberg, in their individual capacities, for the damages they have caused the plaintiffs and the class members for failing to perform their non-discretionary duties as required by Nevada law, and as more fully detailed *infra*, all of such acts or failures to act occurring while serving as, and in their capacity as, employees of the State of Nevada in the position of Administrator of the Nevada Division of Industrial

1

Relations of the Nevada Department of Business and Industry (the "DIR Administrator").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343 (a).

## PARTIES

3. Plaintiff, JOSEPH SHANNON, (one of the "named plaintiffs" or "individual plaintiffs") is an individual residing in Clark County Nevada.

4. Defendant, JOSEPH (JD) DECKER, is the current DIR Administrator.

5. Defendants STEVE GEORGE and DONALD SODERBERG are former DIR Administrators.

## THE RELEVANT FACTS CREATING THE LEGAL RIGHTS POSSESSED BY THE PLAINTIFFS THE VIOLATION OF WHICH GIVE RISE TO THIS CASE

6. The State of Nevada has created a comprehensive system of Industrial Insurance, at NRS Chapters 616A through 617, for the purpose of paying compensation to Nevada employees who are disabled or injured by an accident arising out of and in the course of their employment in Nevada, such system (the "Nevada Workers' Compensation System") expressly abolishing the otherwise existing common law rights and defenses of employees and employers and bestowing certain rights upon Nevada employees as a matter of Nevada state law, as declared at NRS 616A.010(3) and elsewhere.

7. The Nevada Workers' Compensation System has created a right to "permanent partial disability" ("PPD") compensation for certain Nevada employees who are disabled or injured by an accident arising out of and in the course of their employment in Nevada, as specified in NRS 616C.490 and elsewhere.

8. Certain Nevada employees who have a right to receive PPD compensation under the Nevada Workers' Compensation System also have a right

2

to have such compensation paid to them in a lump sum, as provided for by NRS 616C.495.

9. Those Nevada employees who choose to exercise their right to receive PPD compensation under the Nevada Workers' Compensation System in a lump sum, as provided for by NRS 616C.495, must receive such lump sum in an amount "equal to the present value of the compensation awarded," as specified in NRS 616C.495(5) which states in full:

> The lump sum payable must be equal to the present value of the compensation awarded, less any advance payment or lump sum previously paid. The present value must be calculated using monthly payments in the amounts prescribed in subsection 7 of NRS 616C.490 and actuarial annuity tables adopted by the Division. The tables must be reviewed annually by a consulting actuary.

10. The DIR Administrator is legally required by the State of Nevada to perform certain non-discretionary duties to enforce the rights granted to Nevada employees under the Nevada Workers' Compensation System. Those duties are specified at NRS 616A.400 and elsewhere and include the duty specified at NRS 616A.400(3) which states:

> The [DIR] Administrator shall:
>
> 3. Prescribe by regulation the methods by which an insurer may approve or reject claims, and may determine the amount and nature of benefits payable in connection therewith.

11. The duties imposed upon the DIR Administrator under NRS 616A.400(3) are non-discretionary and constitute mandatory ministerial acts he is required to perform as a matter of Nevada law.

12. In compliance with NRS 616A.400(3) the current DIR Administrator and/or former DIR Administrator(s) have prescribed various regulations.

13. In compliance with NRS 616A.400(3) and to effectuate the statutory command contained in NRS 616C.495(5) the current DIR Administrator utilizes the regulation set forth at NAC 616C.502 entitled "Factors for computing present value for lump-sum payment."

3

14. That NAC 616C.502 constitutes the "actuarial annuity tables adopted by the Division" referenced in NRS 616C.495(5) and that are required to be used by that statute.

15. That NAC 616C.502 has not been amended or modified since 1997 and the actuarial annuity table it contains has been used since 1997 and through the present date, and if not modified will continue to be used in the future, by the DIR Administrator to fulfill his obligation to set forth how an insurer responsible for paying a Nevada employee PPD compensation in a lump sum under the Nevada Workers' Compensation System "may determine the amount and nature of benefits payable in connection therewith."

16. That an insurer responsible for paying a Nevada employee PPD compensation in a lump sum pursuant to NRS 616C.495 fully discharges that responsibility by using the actuarial annuity table set forth at NAC 616C.502 to determine the amount compensation it must pay as otherwise directed by NRS 616C.495 and specifically relies upon NAC 616C.502, as it must, to calculate the correct "present value" of such compensation it must pay to that Nevada employee.

17. That a Nevada employee's right to receive PPD compensation in a full "present value" lump sum under the Nevada Workers' Compensation System, as conferred by NRS 616C.495(5), to the extent that such employee otherwise meets the requirements to receive such a lump sum PPD compensation payment as set forth in NRS 616C.495, is secured by the laws of the State of Nevada and the DIR Administrator, once the Nevada employee has met such requirements, is without the power or discretion to decrease or reduce the amount of lump sum PPD compensation which must be paid to such employer as required by NRS 616C.495 and Nevada law.

18. The DIR Administrator has a non-discretionary legal duty to perform the acts expressly entrusted to him to effectuate the command contained in NRS 616C.495(5) that a Nevada employee's PPD compensation "lump sum payable

must be equal to the present value of the compensation awarded."

19. The acts the DIR Administrator has a non-discretionary legal duty to perform to effectuate the command contained in NRS 616C.495(5) that a Nevada employee's PPD compensation "lump sum payable must be equal to the present value of the compensation awarded" include the duty, as specified in NRS 616C.495(5), to have the Nevada Division of Industrial Relations of the Nevada Department of Business and Industry adopt actuarial annuity tables that accurately calculate such present value.

20. The acts the DIR Administrator has a non-discretionary legal duty to perform to effectuate the command contained in NRS 616C.495(5) that a Nevada employee's PPD compensation "lump sum payable must be equal to the present value of the compensation awarded" include the duty, as specified in NRS 616C.495(5), to have the Nevada Division of Industrial Relations of the Nevada Department of Business and Industry annually review with a consulting actuary the annuity tables it adopts to accurately calculate such present value.

21. The acts the DIR Administrator has a non-discretionary legal duty to perform set forth in the foregoing paragraphs including paragraphs 19 and 20 confers a legal right, created under the laws of the State of Nevada, possessed by the plaintiffs and all other similarly situated Nevada employees who otherwise qualify to receive a lump sum payment of PPD compensation pursuant to NRS 616C.495, to receive that payment at its "present value," as determined by an actuarially sound methodology that considers the relevant known circumstances as they existed on a date less than two years prior to the date such "present value" is calculated.

## THE RELEVANT ACTS AND OMISSIONS OF THE DEFENDANTS WHICH GIVE RISE TO THIS CASE

21.     That defendants, being the current and prior DIR Administrators, all had, with the defendant Decker continuing to have, the non-discretionary duties alleged in the foregoing paragraphs while serving as the DIR Administrator and all defendants, while serving as DIR Administrator, were aware of such duties.

22.     The defendants were and are all aware that NAC 616C.502 has not been amended or modified since 1997 and the actuarial annuity table it contains has been used since at least 1997 and through the present date and will continue to be used in the future unless amended or modified upon action by, or with the consent of, the DIR Administrator.

23.     The defendants were and are all aware that NAC 616C.502 and the actuarial annuity table it contains, during at least the four years preceding the commencement of this lawsuit, cannot possibly be used to properly calculate, using any actuarial sound methodology, the present value of any lump sum payment of PPD compensation pursuant to NRS 616C.495 that a Nevada employee was entitled to receive under such statute.  They were aware and are aware of the same because they knew and continue to know that the relevant circumstances used in 1997 to create that actuarial annuity table had changed significantly by a time at least four years prior to the commencement of this lawsuit.  Specifically, they were aware that both interest rates were significantly lower than the 6% interest assumption used in that table and life expectancy was higher.  As a result, they were aware that the use of that 1997 actuarial annuity table in years 2013 and later would and does create a significantly inaccurate, and too small, "present value" amount of the lump sum payment of PPD compensation pursuant to NRS 616C.495 that a Nevada employee was entitled to receive under such statute.

24. The defendants were and are all aware that the calculation of a significantly inaccurate, and too small, "present value" amount of any lump sum payment of PPD compensation pursuant to NRS 616C.495 that a Nevada employee was entitled to receive under such statute would and does result in numerous such Nevada employees actually receiving such understated and too small "present value" lump sum payments of PPD compensation. The defendants were further aware that such Nevada employees, upon agreeing to accept such lump sum payments of PPD compensation, were foreclosed from receiving any further or additional award of compensation from the Nevada Workers' Compensation System for the injuries giving rise to such payment or from any insurer who made such payment or was responsible for making such a PPD compensation payment.

25. The defendants, despite being aware of the impossibility of accurately using NAC 616C.502 and the actuarial annuity table it contains, during at least the four years preceding the commencement of this lawsuit, to properly calculate, using any actuarially sound methodology, the present value of any lump sum payment of PPD compensation pursuant to NRS 616C.495, consciously, willfully, intentionally, knowingly and/or recklessly, continued to cause and allow such actuarial annuity table to be used for that purpose. They did so despite possessing actual knowledge of the harm it was causing to the plaintiffs and the class members and that NAC 616C.502's continued use in that fashion was denying such persons the full amount of lump sum PPD compensation guaranteed to them under Nevada law by NRS 616C.495.

26. The defendants' willful, intentional, knowing and/or reckless continued use of NAC 616C.502 and the actuarial annuity table it contains, during at least the four years preceding the commencement of this lawsuit, is also confirmed by the acts and omissions they engaged in when the improper continued

use of that actuarial annuity table was brought to their attention. For example, on July 29, 2015 attorney Virginia Hunt, pursuant to NRS 233B.100 and NAC 616C.440, filed a petition with the then DIR Administrator, defendant George, requesting that NAC 616C.502 be amended to contain an actuarial annuity table based upon an actuarially sound methodology to calculate present values under current circumstances. As part of that petition attorney Hunt presented compelling evidence that the proper interest rate for actuarial purposes at that time was not the 6% used by NAC 616C.502 but would be between 2.25% and 4%, the rates used by the federal government and several other states for the purpose of calculating present values. Amending NAC 616C.502 to use such a lower interest rate in its actuarial annuity table would result in significantly higher "present value" calculations of lump sum PPD compensation payments to be paid to Nevada employees pursuant to NRS 616C.495. Defendant George, the then DIR Administrator, denied that petition on August 31, 2015, refusing to take any action to amend NAC 616C.502 or put in place any specific process for doing so in a prompt and timely manner, despite having both the power and obligation to do so.

27. The conclusion that the defendants willfully, intentionally, knowingly and/or recklessly continued the use of NAC 616C.502 and the actuarial annuity table it contains, during at least the four years preceding the commencement of this lawsuit, is also confirmed by their prolonged failure to consult with any actuary to review such actuarial annuity table. They, and their predecessor DIR Administrators, have continuously failed to do so since at least 2001. They have failed to do so even though 616C.495(5) states such table "must be reviewed annually by a consulting actuary." When that failure was brought to the attention of the then DIR Administrator, the defendant George, by attorney Virginia Hunt in 2015, such defendant took no prompt or other action to conduct that review even though he was required by such statute to do so.

8

28.     In the event the defendants' conduct complained of was not intentional the defendants acted recklessly to the extent they did not appreciate or consciously understand or recognize how their foregoing acts and/or omissions were causing, and would continue to cause, harm to the plaintiffs and the class members through the continued use of NAC 616C.502 in its unmodified form, and that its use in that fashion was denying such persons the full amount of lump sum PPD compensation guaranteed to them under Nevada law by NRS 616C.495.  Such conduct by the defendants was reckless in that they were charged with an affirmative legal duty, by virtue of their position as DIR Administrators, to acquire knowledge of how NAC 616C.502 was being applied to effectuate and enforce the rights granted under Nevada law by NRS 616C.495, a duty which they breached by failing to conduct the annual review of the actuarial annuity table contained in NAC 616C.502, as commanded by NRS 616C.495(5).  Such conduct by the defendants was also reckless, and not merely negligent, in that the defendants were actually presented with and in possession of overwhelming and incontrovertible evidence of the harm being caused by the continued use of NAC 616C.502 in its unmodified form, yet they consciously failed and refused to take action to stop such harm from continuing despite having a legal obligation to do so.

## CLASS ACTION ALLEGATIONS

29.     The named plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. §23 on behalf of themselves and a class of all similarly situated Nevada employees who, like the named plaintiffs, were entitled to receive, and elected to receive, a lump sum payment of PPD compensation pursuant to NRS 616C.495 that was calculated using the actuarial annuity table set forth in NAC 616C.502 that has not been amended or modified since 1997.

30.     The class of similarly situated persons consists of all Nevada employees who, like the named plaintiffs, were entitled to receive, and elected to

1  receive, a lump sum payment of PPD compensation pursuant to NRS 616C.495 that
2  was calculated using the actuarial annuity table set forth in NAC 616C.502 that has
3  not been amended or modified since 1997, during the applicable statute of
4  limitations periods prior to the filing of this Complaint, which is believed to be no
5  longer than the four year period preceding such filing, and continuing until date of
6  judgment.

7      31.    The named plaintiffs and all of the class members share the same
8  common circumstance and type of injury, in that they did not receive a lump sum
9  payment of PPD compensation pursuant to NRS 616C.495 at its correct present
10 value as determined using an actuarial sound methodology but instead received a
11 smaller amount calculated using the actuarial annuity table set forth in NAC
12 616C.502 that has not been amended or modified since 1997.  Accordingly, the
13 named plaintiffs and all of the class members have been damaged in the same
14 fashion, in that they all received a lump sum payment of PPD compensation that
15 was smaller than the amount they should have received.

16     32.    The named plaintiffs are informed and believe, and based thereon
17 allege that there are at least 1,000 putative class action members.  The actual
18 number of class members is readily ascertainable by a review of the records
19 maintained by the Nevada Division of Industrial Relations of the Nevada
20 Department of Business and Industry which identify all Nevada employees who,
21 like the named plaintiffs, were entitled to receive, and elected to receive, a lump
22 sum payment of PPD compensation pursuant to NRS 616C.495 within the
23 applicable statute of limitations period.

24     33.    There is a well-defined community of interest in the questions of law
25 and fact affecting the class as a whole.  Specifically, the named plaintiffs and all of
26 the class members present identical issues in respect to the duties imposed upon the
27 defendants and the legal liabilities of the defendants, if any, for the allegedly too
28 small lump sum payments of PPD compensation pursuant to NRS 616C.495 that

the named plaintiffs and the class members received.

34. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The individual plaintiffs' claims are typical of those of the class.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class treatment since the defendants' acts and omissions were identical in respect to each class member's claim.

36. The individual plaintiffs will fairly and adequately represent the interests of the class and have no interests that conflict with or are antagonistic to the interests of the class and have retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of the class.

37. The individual plaintiffs and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

38. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

**AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF THE NAMED PLAINTIFFS AND ALL PERSONS SIMILARLY SITUATED PURSUANT TO 42 U.S.C. § 1983**

39. The named plaintiffs repeat all of the allegations previously made and bring this First Claim for Relief pursuant to 42 U.S.C. § 1983 against all defendants for the violation of their rights under Nevada law and the Fourteenth Amendment of the United States Constitution.

40. That the named plaintiffs and the class members had a property right, created by operation of NRS 616C.490 and NRS 616C.495, that was subject to the protections afforded by the Fourteenth Amendment of the United States Constitution, such property right being the right to receive a lump sum PPD compensation payment calculated at a present value using an actuarially sound methodology at the time of its calculation that was in turn based upon the actuarially relevant circumstances as know at a time no earlier than two years prior to the date such lump sum PPD compensation payment was calculated.

41. That the named plaintiffs and the class members' aforesaid property right to receive a lump sum PPD compensation payment calculated at a present value using an actuarially sound methodology at the time of its calculation that was protected by the Fourteenth Amendment to the United States Constitution was also subject to the protections of 42 U.S.C. § 1983. Specifically, the named plaintiffs and the class members were protected under 42 U.S.C. § 1983 from having any persons acting under color of state law deprive them of such property without due process of law.

42. That, owing to their acts and omissions as alleged aforesaid, the

defendants have violated the rights of the named plaintiffs and the class members secured by the Fourteenth Amendment of the United States Constitution by acting under color of state law to deprive them of their aforesaid property right to receive a lump sum PPD compensation payment calculated at a present value using an actuarially sound methodology at the time of its calculation, as provided by NRS 616C.495.

43.   That the acts and omissions of the defendants that have violated the rights of the named plaintiffs and the class members secured by the Fourteenth Amendment of the United States Constitution were not committed subject to any privilege or in any capacity by the defendants that would confer immunity from liability under 42 U.S.C. § 1983 upon such defendants.  Accordingly, such defendants are liable to the named plaintiffs and the class members for the damages and injury, the loss of property, that the defendants have caused the plaintiffs and the class members, to wit, the difference between the lump sum PPD compensation payment such persons received and what they should have received under Nevada law, as properly enforced, if not for such acts and omissions of the defendants.

44.   The acts and omissions of the defendants that have violated the rights of the named plaintiffs and the class members, as alleged aforesaid, having been committed willfully, intentionally, and/or with such a high degree of recklessness and wanton disregard by the defendants for such persons' civil rights that the defendants should also be subject to an appropriate award of punitive damages.

45.   Wherefore, pursuant to 42 U.S.C. § 1983 the plaintiffs, on behalf of themselves and the class members, seek an award of compensatory and punitive damages against the defendants, along with an award of interest, costs, attorney's fees and expert fees as provided for under 42 U.S.C. § 1988.

The plaintiffs also demand a trial by jury.

Dated: Clark County, Nevada
March 25, 2017

Yours, etc.,

/s/ *Leon Greenberg*
Leon Greenberg, Esq.
LEON GREENBERG PROFESSIONAL CORPORATION
Leon Greenberg, Esq. NSB 8094
Dana Sniegocki, Esq. NSB 11715
2965 S. Jones Boulevard #E-3
Las Vegas, Nevada 89146
(702) 383-6085
Nevada Bar Number: 8094

James P. Kemp, NSB 6375
Kemp & Kemp, Attorneys At Law
7435 West Azure Drive - Suite 110
Las Vegas, NV 89130
Telephone (702) 258-1183

Attorneys for the Plaintiffs