# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Joseph Shannon, et al., on behalf of all others similarly situated,

    Plaintiffs

v.

Joseph Decker, et al.,

    Defendants

Case No.: 2:17-cv-00875-JAD-GWF

**Order Granting Defendants' Motion to Dismiss and Closing this Case**

[ECF No. 19]

    Joseph Shannon, Penny Lucille Behrens, Christopher Robert Braggs, and Joseph Lopez Gomez bring this putative class action, alleging that current and former administrators of the Division of Industrial Relations (DIR) violated their civil rights by failing to update actuarial tables that insurers use to calculate lump-sum awards under Nevada's workers' compensation scheme. The defendants move to dismiss. Because discretionary-function immunity shields the defendants from this suit, I grant the motion to dismiss and close this case.

## Background

    The plaintiffs allege that they are partially permanently disabled persons who accepted a lump-sum, permanent-partial-disability (PPD) payment under Nevada's workers' compensation scheme. Nevada's workers' compensation scheme governs how a worker can apply for compensation and details the payments that they are entitled to, but private insurers or self-insured employers pay the benefits. If an employee applies for benefits and a physician determines that the employee is partially permanently disabled, the injured employee may be

entitled to PPD benefits.[1]  If the insurer determines that the employee is entitled to PPD benefits, the employee may elect to have his benefits paid either in installments or in a lump sum.[2]

If an employee chooses a lump-sum payment, the insurer must calculate the lump sum "equal to the present value of the compensation awarded, less any advance payment or lump sum previously paid."[3]  The present value "must be calculated using monthly payments in the amounts prescribed in subsection 7 of NRS 616C.490 and actuarial annuity tables adopted by the Division."[4]  At the time that the plaintiffs had their benefits calculated, the statute required that the actuarial tables "be reviewed annually by a consulting actuary."[5]

Those actuarial tables are the basis of the plaintiffs' complaint.  They allege that the DIR last revised or amended the actuarial table in 1997, and that insurers continue to use that outdated table to calcuate lump-sum payments.  They allege that using an old actuarial table resulted in lump-sum payments that were much smaller than the real present value of their monthly payments because of changing interest rates and average-life-expectancy rates.

The plaintiffs sue former DIR Administrators Steven George and Donald Soverberg, and current DIR Administrator Joseph Decker, in their individual capacities for monetary relief. They allege that their receipt of "inaccurate" lump-sum payments violates the Fourteenth Amendment.  They claim that the Administrator of the DIR has the non-discretionary duty to update the actuarial tables so that they can be used to calculate actual present-value, lump-sum

---

[1] Nev. Rev. Stat. § 616C.490(6).
[2] Nev. Rev. Stat. § 616C.490(1)(d).
[3] Nev. Rev. Stat. § 616C.495(5).
[4] *Id.*
[5] Nev. Rev. Stat. § 616C.495(5) (effective Jan. 1, 2016 to June 30, 2017).  The law has since been updated to require the Administrator to update the actuarial tables every year.

payments that are equal to present-value compensation. They allege a property right in the present-value calculation of their lump-sum payments that is protected by the Due Process Clause of the Fourteenth Amendment. The plaintiffs bring a substantive-due-process claim alleging that the Administrators' repeated failures to update the actuarial table essentially required that insurers deny them the present-value lump-sum award they were guaranteed by Nevada law. They also bring a procedural-due-process claim alleging that "the defendants afforded the plaintiffs no mechanism, through the regulations that they issued as DIR Administrators, to have the correctness" of the lump-sum calculation reviewed or challenged. Finally, the plaintiffs allege that their equal-protection rights were violated because they received smaller awards than those who received their benefits in installments for no rational reason.

The defendants move to dismiss all of the plaintiffs' claims. They contend that the plaintiffs (1) have failed to show that state action caused their deprivations because private insurers, not the state, calculated their benefits; (2) lack a property interest in a particular calculation of a lump-sum payment; (3) were given notice and an opportunity to be heard if they disagreed with their lump-sum payments; (4) cannot show that the Administrators' failure to update the actuarial table was arbitrary or irrational; and (5) cannot show that the defendants intentionally discriminated against them to support their equal-protection claim. The defendants also raise a qualified-immunity defense. I start and end with the qualified-immunity issue.

## Discussion

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.'"[6]  "Public officials are immune from suit . . . unless they have 'violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'"[7]  The central dispositive inquiry essential to finding a right "clearly established" is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[8]

"To be clearly established, a right must be sufficiently clear that *every* reasonable official would have understood that *what he is doing* violates that right."[9]  It is not necessary for a plaintiff to cite a case that is "directly on point, [but] existing precedent must have placed the . . . constitutional question beyond debate."[10]  As the Ninth Circuit recently explained in *Hamby v. Hammond*, a defendant is entitled to qualified immunity so long as "none of our precedents 'squarely governs' the facts here," meaning that "we cannot say that only someone 'plainly incompetent' or who 'knowingly violate[s] the law' would have ... acted as [the officials] did."[11]  The plaintiff bears the burden of demonstrating that the "right allegedly violated was clearly established at the time of the alleged misconduct."[12]

The plaintiffs first contend that qualified immunity doesn't apply to the defendants because they had a "non-discretionary duty to issue the necessary regulation and actuarial

---

[6] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

[7] *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014)).

[8] *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *receded from by Pearson*, 555 U.S. 223.

[9] *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (quoting *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015)) (emphasis in *Hamby*).

[10] *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 740 (2011)).

[11] *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

[12] *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991).

schedule for the plaintiffs to be paid their lump sum PPD benefits."[13]  "Qualified immunity shields only actions taken pursuant to discretionary functions" and does not protect "non-discretionary or ministerial" duties.[14]  "Generally, ministerial, non-discretionary functions are those that lend themselves readily to formulaic determination, while discretionary functions are those that require particularized judgments."

The plaintiffs fail to adequately explain how the defendants' actions were non-discretionary.  They rely on Nevada Revised Statute § 616C.495(5) to argue that the defendants were required to update their actuarial tables.  But, at the time that the plaintiffs received their benefits, the statute unambiguously required only that the defendants review the tables annually, not that they revise or update them.  As written, the statute gave the defendants discretion to determine when or if to revise or update the actuarial tables.

The plaintiffs next contend that the defendants' actions violated their clearly established rights.  They first appear to define that right as the right to be free from statutory violations that implicate the federal constitution.[15]  But that right is defined much too generally to satisfy the qualified-immunity standard.  They next argue that the defendants should have been aware that failing to update the actuarial tables would deprive them of a constitutionally-protected property interest.  But "officials become liable for damages only to the extent that there is a clear violation of the statutory rights that give rise to the cause of action for damages."[16]  The statute directing the DIR to act on the actuarial tables required only that the DIR annually *review* the actuarial tables.  The plaintiffs do not point to any cases that would put the defendants on notice that

---

[13] ECF No. 22 at 19.

[14] *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989).

[15] *See* ECF No. 22 at 20.

[16] *Davis v. Scherer*, 468 U.S. 183, 194 n.12 (1984).

5

failing to perform a regulatory update that was not clearly, statutorily required could violate the constitution.  So, a reasonable official would not have clearly understood that his failure to update actuarial tables used to calculate workers' compensation benefits was a statutory or constitutional violation.  And because all of the plaintiffs' claims stem solely from the defendants' alleged failure to update the tables, the defendants are entitled to qualified immunity for each of their alleged offenses.  So, I grant the defendants' motion to dismiss based on qualified immunity and close this case.[17]

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion to dismiss **[ECF No. 19] is GRANTED.  This action is DISMISSED**.  The **Clerk of Court** is directed to ENTER JUDGMENT ACCORDINGLY and **CLOSE THIS CASE.**

Dated: August 26, 2018

$\qquad$_____
U.S. District Judge Jennifer A. Dorsey

---

[17] Because I find that the defendants are entitled to qualified immunity on all of the alleged offenses, I need not and do not address the defendants' other dismissal arguments.